John Lee York v. Commissioner.
York v. Commissioner
Docket No. 7283.
United States Tax Court
1946 Tax Ct. Memo LEXIS 290; 5 T.C.M. (CCH) 46; T.C.M. (RIA) 46029; January 18, 1946
*290 John Lee York, pro se. E. M. Woolf, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By this proceeding petitioner seeks the redetermination of a deficiency in income tax for the year 1943 in the amount of $153.30. The issues relate to the deduction under Internal Revenue Code, section 23(a)(1)(A), of expenditures by petitioner for moving his family to Washington, D.C., and his own expenses for meals and lodging in Washington for a period prior to the time he moved his family there. Findings of Fact Petitioner is an individual residing at Silver Spring, Maryland, a suburb of Washington, D.C. Original and amended returns for the period involved were filed with the collector of internal revenue for the district of Maryland. Prior to the year 1934 petitioner lived and was engaged in the practice of law in Atlanta, Georgia. In 1934 he was employed by the Home Owners' Loan Corporation and his headquarters and post of duty was in Washington, D.C., in the vicinity of which he resided until February, 1941. In February, 1941, petitioner was ordered by the board of directors of the Home Owners' Loan Corporation *291 to be transferred to Atlanta, Georgia, in order to take care of an emergency existing in the Atlanta regional office. The Federal Government paid the expense of moving petitioner and his family to Atlanta. At that time petitioner feared that on termination of his work with the Home Owners' Loan Corporation in Atlanta he would be required to return to Washington because of inability to find suitable work in Atlanta. He performed the work in Atlanta until September 11, 1942, when he was separated from the service of the Home Owners' Loan Corporation. Petitioner returned to Washington and was employed on or about September 20, 1942, by the Federal Works Agency in Washington. On December 1, 1942, petitioner transferred to the Office of Price Administration with headquarters in Washington. Petitioner was unable to find a suitable house for himself and wife and daughter until February 17, 1943. At that time he had his household goods moved from Atlanta to Washington, and his family joined him in Washington. The moving expense and railroad fare were $170 and $83.85, respectively. Petitioner also claimed as "subsistence and extra expense while living away from home in Atlanta, Georgia," *292 $330.12. While petitioner was in Washington without his family he lived in various rooming and boarding houses. His estimated expenditures for meals and lodging amounted to $6.00 a day. Opinion The expense item relating to moving petitioner's family and belongings from Atlanta to Washington, paid during the taxable year in question, is disallowed on the authority of George B.Lester, 19 B.T.A. 549. Nor can petitioner prevail on his claim for the deduction of his estimated expenses of maintenance in Washington during the interim period before the arrival of his family. Even assuming that petitioner's transfer to Atlanta from Washington in a prior year was for Government convenience, there is no claim that his return to Washington in the year before us was similarly required. He repeatedly insists that his home was at all times in Atlanta. It follows that if he were entitled to subsistence deductions for any part of the period of his sojourn in Washington, it would be logically impossible to deprive him of his claim for living expenses during all of the time he remains here. Cf. Barnhill v. Commissioner (C.C.A., 4th Cir.), 148 Fed. (2d) 913. Maintenance *293 of petitioner's family in Atlanta had no relation to his employer's convenience after he took the job in Washington. Hence, apart from whether petitioner was away from "home," as that term is used in the statute, [1] see Walter M. Priddy, 43 B.T.A. 18; Barnhill v. Commissioner, supra, the expenditures "were not incurred in pursuit of the business * * * [petitioner's] employer." Commissioner v. Flowers, 326 U.S. 465 (Jan. 2, 1946), but were occasioned by the disposition of his personal affairs. Decision will be entered for respondent. Footnotes
1. Internal Revenue Code, section 23 (a) (1)↩.